UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60194-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

v.

STEVEN STOLL, et al.,

    Defendant.

_____/

### ORDER GRANTING IN PART DEFENDANT STEVEN STOLL'S MOTION TO STRIKE PREJUDICIAL SURPLUSAGE FROM THE INDICTMENT

**THIS CAUSE** is before the Court on Defendant Steven Stoll's Motion to Strike Prejudicial Surplusage from the Indictment [DE 310]. The Court has considered the Motion, the Government's response [DE 343], Defendant Stoll's reply [DE 358], and is otherwise advised in the premises.

Striking surplusage from an indictment requires a showing that the surplus allegations are not relevant to the charge and are inflammatory and prejudicial. United States v. Huppert, 917 F.2d 507, 511 (11th Cir. 1990). Having carefully reviewed the areas of alleged prejudicial surplusage, the Court finds two areas that possibly fit this exacting standard.

First, the allegation that the defendants fraudulently obtained ownership and control of these properties suggests the existence of a separate scheme to defraud sellers of properties. Since the Government has represented that there was no intention to charge a separate scheme, the language in paragraph 16 relating to fraudulently obtaining ownership and control of properties is both irrelevant and prejudicial and should therefore be stricken.

Second, the heading of Counts 26 through 33, "False Statements to HUD" is misleading. Although the more appropriate heading would be "False Statements Within the Jurisdiction of HUD," this misnomer is not so prejudicial or inflammatory as to require it to be stricken. Certainly, the Court's instructions on the law will clearly explain the elements that must be proved to sustain a conviction for false statements under 18 U.S.C. § 1001.

Therefore, it is

**ORDERED AND ADJUDGED** that Defendant Steven Stoll's Motion to Strike Prejudicial Surplusage from the Indictment is **GRANTED in part**. The allegations in paragraph 16 relating to fraudulently obtaining ownership and control of the properties will be stricken. As to all other alleged prejudicial surplusage, the Motion is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 6th day of October, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF