UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60194-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

v.

STEVEN STOLL, et al.,

        Defendant.

_____/

## ORDER DENYING DEFENDANT STEVEN STOLL'S MOTION TO DISMISS COUNT 1 ON GROUNDS OF DUPLICITY

**THIS CAUSE** is before the Court on Defendant Steven Stoll's Motion to Dismiss Count 1 on Grounds of Duplicity and Incorporated Memorandum of Law [DE 304]. The Court has considered the Motion, the Government's response [DE 349], Defendant Stoll's reply [DE 357], and is otherwise advised in the premises.

A duplicitous indictment charges two or more separate and distinct crimes in a single count. United States v. Burton, 871 F.2d 1566, 1573 (11th Cir. 1989). The defendant, Steven Stoll, alleges that Count 1 charges multiple conspiracies and is thus duplicitous. The Government maintains a single unified conspiracy is charged with multiple and diverse objects.

Count 1 alleges in part that the various defendants, between June 2004 and February 12, 2008, conspired to:

    a. Knowingly and willfully devise a scheme to defraud and to obtain money and property from others by means of materially false and fraudulent pretenses, representations, and promises, and

b. Willfully make and cause to be made materially false statements on Real Estate Forms known as HUDIs in a matter within the jurisdiction of the United States Department of Housing and Urban Development.

The alleged object of the conspiracy was to enrich the co-conspirators by submitting and causing to be submitted materially false and fraudulent mortgage applications (Form 1003s) and Settlement Statements (Form HUDIs) to mortgage lenders, thereby inducing the lenders to fund mortgages. Additionally, as part of the scheme, the properties were to be rented with the rental income used to maintain the properties until sold for a substantial project. The overt acts alleged in paragraphs 29 through 42 infer an interdependence of the spokes of the conspiracy and further show an overlap of participants. Paragraph 13 alleges that Joseph Guaracino was the "leader and organizer of the fraudulent real estate investment scheme" and thus a "key man." The Court is therefore satisfied that the crime charged in Count 1 alleges a single hub-and-spoke conspiracy in which the central core conspirator (Joseph Guaracino) brought the co-conspirators together to carry out the fraudulent scheme and that there are allegations that the co-conspirators (spokes) had some knowledge of or connection with the other spokes. See United States v. Chandler, 388 F.3d 769 (11th Cir. 2004).

As indicated by the Government, "ultimately, the question whether a single conspiracy or multiple conspiracies has been charged in one count of an indictment 'is primarily a jury question.'" United States v. Rodriguez, 509 F.2d 1324, 1348 (5th Cir.

2

1975).  Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant Steven Stoll's Motion to Dismiss Count 1 on Grounds of Duplicity is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 7th day of October, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF