UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60194-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

v.

STEVEN STOLL, et al.,

   Defendants.
_____/

## ORDER GRANTING STOLL'S MOTION IN LIMINE TO EXCLUDE RULE 404(b) EVIDENCE

**THIS CAUSE** is before the Court on Defendant Steven Stoll's Motion in Limine to Exclude Rule 404(b) Evidence [DE 717]. The Court has considered the motion and the Government's response [DE 750], and is otherwise advised in the premises.

Mr. Stoll seeks to exclude 404(b) evidence consisting of a marketing agreement drafted by Mr. Stoll that would provide John Sarji with compensation for real estate closings referred to Mr. Stoll's company, Turnkey Title. The Government alleges this was a "kickback" scheme that constitutes a misdemeanor violation of the Real Estate Settlement Procedures Act, commonly referred to as "RESPA."

The Government contends that this evidence is admissible under Federal Rule of Evidence 404(b) because it is "probative of Mr. Stoll's knowledge, intent, and absence of mistake, and its probative value outweighs any prejudicial effect the evidence may have." DE 750 at 4. The Government argues that this evidence is particularly probative because Mr. Stoll has claimed no knowledge of wrongdoing at Turnkey Title at the time of the alleged illegal Guaracino transactions. In short, the

Government maintains that "evidence of Defendant Stoll's knowing and willful participation in the Sarji scheme will further demonstrate that Defendant Stoll was not 'above' the fraud at his companies but rather committed these acts in the Guaracino conspiracy with the same knowledge and intent." DE 750 at 5.

The Court finds the probative value of the Rule 404(b) evidence lacking. Even if the Government proves that the implementation of the marketing agreement serves to violate RESPA, I see this as a diversion from the transactions alleged in the Indictment. This evidence appears to relate more to bad character as opposed to establishing knowledge, intent, or absence of mistake as to the charged crimes. The referral fees paid to Sarji do not necessarily equate to knowledge of or participation in the alleged Guaracino criminal conspiracy. Given the limited probative value of the Rule 404(b) evidence, the prejudicial effect would far outweigh such value.

Accordingly, based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant Steven Stoll's Motion in Limine to Exclude Rule 404(b) Evidence [DE 717] is **GRANTED** without prejudice to the Government to offer the Rule 404(b) evidence should Mr. Stoll elect to testify and through his testimony open the door.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 21st day of February, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF